IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ARMANDO GONZALES | § | |
| VS. | § | CIVIL ACTION NO. 1:20cv507 |
| WARDEN, FCI BEAUMONT LOW | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Armando Gonzales, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the petition for failure to exhaust administrative remedies.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner contends he has not been awarded time credits toward the completion of his sentence as provided under 18 U.S.C. § 3632(d)(4). Petitioner claims he should not be required to exhaust administrative remedies in this situation because attempting to do so would be futile.

After careful consideration, the court concludes petitioner's objections are without merit and should be overruled. Generally, a federal prisoner must exhaust his administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances" when "administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller*, 11 F.3d at 62. Further, the petitioner bears the burden of demonstrating the futility of administrative review. *Id.*

Petitioner does not contend he has completed the administrative remedy process that is available to him. While he asserts that completing the process would be futile, he provides no evidence in support of his assertion. Petitioner has failed to explain why the Bureau of Prisons would not consider his request for administrative remedy in good faith and correct any error it has made in calculating his sentence. Petitioner's objections are therefore without merit.

## O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 17th day of May, 2021.**

Michael J. Truncale
United States District Judge